Appellants v. Travelers Property Casualty Co. of America Appellee. Thank you. Good afternoon. Mr. Vickers, are you ready? I am. Thank you. You may proceed. Good afternoon, everybody. May it please the court. For the record, Tom Vickers appearing today on behalf of the Appellant Plaintiff Below, United Auto Workers. This appeal seeks the reversal of the circuit court's order entering summary judgment in favor of the Appellee, the Defendant Below, Travelers Property and Casualty Insurance Company. The Appellant also seeks a ruling from this Honorable Court declaring that the insurance limit of liability for the losses that the UAW sustained stemming from the tornado that struck the Ottawa area in February of 2017 is $3,181,204. The relief requested by my client is further detailed at the end of both of our briefs, both the opening brief and the reply. Counselor, I'm troubled by something and that is that the $3 million is for one part of the policy. The policy covers property in multiple locations in multiple states. Correct. And the only reference to the word, the only use of the word blanket is in a heading. So how can, is the $3 million the amount of coverage or is that the amount of loss? Because if it's a blanket policy for all of the property that is allegedly covered, not in different parts, then the number would be much higher than that. How do you determine, first of all, what blanket means? Because there's only one use of the word blanket and it's in a heading. The word blanket only appears one time in the policy. That's correct, Justice Albrecht. However, I would disagree with you that that appears in a heading. There's actually a heading right above that that says it's the declarations and the policy. It does appear in the record, the full copy of the policy. It's attached as an exhibit to the joint statement of undisputed facts. The heading for the deluxe property part declarations actually reads coverages and limits of insurance hyphen described premises. The very first sentence under that heading, your honor, reads and I quote, insurance applies on a blanket basis only to a coverage or type of property for which a limit of insurance is shown below. If you go down below then, it's the right below that section in the declarations. It says blanket description of coverage or property buildings and it defines that limit that you referred to of $112,270,000. Now, the meaning of the term blanket is not controverted in this case. We've cited case law and we've cited the adjuster's testimony to what blanket means. It's really not controversial in the insurance industry what blanket means. I learned that term 30 years ago when I started and all that means is you have a single limit that is going to apply to some number of buildings or locations. You contrast that, your honor, with scheduled insurance and this policy includes both. When you have scheduled coverage, you have individually stated values that establish the scheduled limit of liability for the individual buildings. There is an endorsement in this policy that has scheduled limits of liability. It identifies, I think it's 10 or 7 or 10 buildings, none of which are the buildings at issue here. So, coming back to that, it's not a heading. It says this insurance applies on a blanket basis. You have to give meaning to that term. Now, my client is not claiming we get 105% of the 112. We're not claiming that. This is a blanket per occurrence policy. There are blanket per location, there are just blanket, you have blanket per occurrence. That's what we have here. So, when you look and actually then give meaning to every word in that policy provision that is actually quoted at paragraph 13 of the Joint Statement of Undisputed Facts, it's also the policies that exhibit A, which is record site C308. What you have is a situation where the language states that we're going to look at the values plural of each building. Now, if we were to just stop there, remember the first thing the policy tells us, it applies on a blanket basis. And then you go to that next provision that says the most we will pay for loss or damage in any one occurrence. So, the most we will pay in an occurrence at any premises location is 105% of the values plural for each building at each location. Now, if we stopped right there and read no further, we have a blanket policy that now tells us we get 105% of the values for each building at the location. That would be a number bigger than what my client is claiming. Why is that? Because we have to read on. And at the bottom of this provision, subparagraph one, it says if the values are not individually stated on the statement of values, which there's not, there was a single number shown for Ottawa, then we have to do this prorate a math exercise. And the parties agree on the prorate a math exercise and what those numbers are. So, what that distills you down to, Justice Albrecht, is you have blanket insurance that applies on a per occurrence basis. There were two buildings damaged in this occurrence. So, you look at the values for those two buildings, multiply that by 105, just an inflation factor, and you get the sum of those because that gives you a single limit of liability. The case law defines blanket to be a single limit that covers multiple buildings or locations. But the language of the policy says if there is no dollar limit for an individual building, then the way we calculate the maximum liability or the maximum coverage is by taking the square footage of each building as a part of the whole, and then we multiply that out so that based on the square footage of the hotel, the number is, when you multiply it out by the square footage, the number of the limit of liability for each individual building is what that multiplier is, what that multiplication result is. So, how do you interpret, how do you construe the policy without giving meaning to those words, to that language? We are giving meaning to that language, Judge. We are agreeing you have to do the math because they're not individually stated. But where this falls apart for travelers is they give no meaning to the phrase, the express language of the policy that states that the insurance applies on a blanket basis. That means, and it's not disputed, there are just or even testified to it, this isn't controversial in the industry, blanket means a single limit. So, now you have to take this word salad provision that has seemingly facially conflicting language, right? Because you're saying, how can I have blanket if it tells me I have to determine the values for each? The way you get blanket if you have to determine the values for each as a predicate step to get to the blanket is you determine the values for the buildings that were damaged in the occurrence. Remember, it's the most we will pay per occurrence for loss or damage. So, you look at the buildings damaged in the occurrence and you determine the limit by doing the math that you described of what those values would be if they're not individually stated. But then you have to sum them up because the only way you can have the insurance apply on a blanket basis, which the policy mandates, is to have a single limit of liability. That, Justice Albrecht, is why this is a blanket per occurrence. You look at the specific facts of the specific loss. Here we have a location that has multiple properties. Only two of the properties were damaged in that zone. Two of the buildings, excuse me. This property has multiple buildings. Only two of the buildings were damaged. So, now to determine the blanket single limit of liability for this occurrence, we have to first determine the individual values for each of these buildings. But then in order for it to be applied on a blanket basis, which those are the express language in the policy, you have to add them up because now you have a single limit of liability. And it makes perfect sense that an insurer doesn't want to have a $112 million limit of liability for any little loss that might occur. They want to tie it down to the location where the loss occurs. And in this case, despite stating right in the beginning insurance applies on a blanket basis, travelers then went on to write some restrictions to that such that it's blanket per occurrence. Meaning, it's a blanket limit, a single limit based on the value of the buildings, the multiple buildings damaged in the occurrence. Your honor, that reads into, that gives meaning to every single provision in the policy. It also expresses blanket as it's commonly understood, reflected in the case law and testified to by the traveler's claims adjuster. The only interpretation that actually gives meaning to every word in the policy is that interpretation. In fact, in its briefing, travelers admits, it openly states that you should set aside any, quote, notion of blanket coverage and just focus here and give us a scheduled limit of liability. You know, one of the other things, and there's a lot that travelers in the UAW agree to in this case. We have an agreed set of facts. We agree on what the rules of insurance policy or interpretation are. And we agree that that first line in that provision says insurance applies on a blanket basis. The other thing we agree on are the rules of interpretation. And those rules say you have to give meaning to every word. You have to assume that that language is in there for a reason, and it's intended to be in there. And it's not a heading. It's the first sentence in the whole provision. The heading is right above that. Because a heading are just kind of words that give a title. This actually is a command. This says insurance applies on a blanket basis. And then it goes on. So, it's a fuller sentence. There's no dispute that these properties are covered, and there's no dispute that that language is in there. The only dispute, your honors, is are we going to give that language some meaning? Because to accept traveler's interpretation, which is a scheduled building by building limit of liability, the only way you can do that is to disregard the fact that the policy states it applies on a blanket basis. You have to, as travelers suggest, set aside and give no meaning to that language. I see that my time is about up. If there are any other questions, I'll come back to you on the rebuttal. Are there any questions for Mr. Vickers at this point? Okay. Thank you. Mr. Orlando, you may proceed. Thank you, your honor. Thomas Orlando for Appley Travelers Property Casualty Company of America. May it please the court. On page 10 of UAW's opening brief, the statement is made that blanket coverage, as the name implies, is understood to mean that the insurance policy provides a single limit of liability covering or blanketing multiple insured buildings. And counsel has continued with that statement today, saying a number of times that blanket means a single limit. That is not true. That is an overgeneralization. We need to look at the policy to understand what blanket means in any given context. In its brief, the statement that I read is not followed by any citation to authority for the proposition that blanket all always means a single limit of liability. The statement in the brief and counsel statement this morning co-mingles two distinct concepts, coverage and limits. So here the policy covers 33 locations under the same policy. That is one form of what blanket insurance is. The UAW has at least 53 locations. The UAW could have gone out and bought separate insurance policies for each of those locations. Instead, it bought one policy from travelers that covered all of those locations. That is one form of what blanket means. Some of those 53 locations have multiple buildings and structures. And they are also covered under this policy. That is another use or meaning of the word blanket, that all of the buildings at one location are covered. In this case, all of the 53 buildings or I'm sorry, all of the 53 locations that are subject to the blanket coverage are also insured for business property. They all have replacement cost coverage. None of them are subject to a co-insurance requirement. If you look at page, it's in the record at C310, you'll see a listing of additional coverages and coverage extensions. All of those coverages listed and we go on to the next page 311. All of those coverages apply to all of the locations that are subject to the blanket coverage. So in other words, the policy doesn't have to say that building A at location one gets this additional coverage, but not that additional coverage has a co-insurance requirement and the other one doesn't know. They all are subject to the same grant of coverage. That's what blanket means in this policy. That's one use of the word blanket. Now, can a limit of insurance also be blanket for all locations insured under a hypothetical policy? Theoretically, yes, you can have a policy that's issued with a single limit of liability, but this policy doesn't do that. So again, it's important to distinguish between coverage and and now let's look more specifically at how this policy does that. So if we go back to page C308, which is where that blanket word appears. First of all, the form in all caps at the beginning says coverages and limits of insurance described premises. So right there, it's distinguishing between two things, coverages and limits. Then it goes on to say the next sentence, insurance applies on a blanket basis only to a coverage or type of property for which a limit of insurance is shown below. So right there, that language is saying we're talking about blanket to mean coverages. All of these properties are subject to the same coverages. Now I'm going to skip over the verbiage about the most we will pay and come back to that because that lead in sentence says insurance applies on a blanket basis only to a coverage or type of property for which a limit of insurance is shown below. We have to go to the next page to see, okay, what's the limit of insurance that's shown below? On page C309 at the top, it says blanket description of coverage or property. It doesn't say blanket limit. It says blanket description of coverage or property. And what's listed below that are two things, buildings and your business personal property. Those are the two coverages that are provided on a blanket basis. Now as council noted, there are limits of insurance that are shown there for buildings, $112 million in change for business personal property, $12 million in change. Nobody is arguing that those limits, that that's a single limit that applies to this loss. UAW concedes that. Why do they concede that? Because if we go back to page 308, we have the four paragraphs that explain what the most we will pay for any loss is. So that's the point to control what the limit of insurance is for this loss. Again, everybody agrees it's not the $112 million. That's not how this policy is written. So what UAW argues, and they say this a number of times, I caught this on page three of their reply brief. UAW contends that language now on page C308 sets a single limit of liability reflecting the sum of the values for each building damaged by the tornado occurrence. But the word damage is nowhere on this page. Nothing about this page says to look only at buildings that are damaged. Nor does the language say anything about summing anything up or adding figures to get to some limit. Rather, the calculation requires multiplication to get to the limit for each building at a premises location because each building has its own limit. That's what the first sentence says. The most we will pay for loss or damage in any one occurrence at any one premises location is 105% of the value for each building or structure. Then it goes on to the other coverage. So it uses that word each. Now, in the briefs, the parties have talked about and cited some authority for what the word each means. And I was struck by authority that actually was cited by UAW in its reply brief. And they cite to I believe it's an out-of-state case from another state. But I thought that the definition, and again, this is in UAW's brief, is rather instructive. The court there said, this is on page six of UAW's reply brief, each is synonymous with all and agrees in inclusiveness, but differs in stress. The word all collects. The word each distributes. And that's exactly what this provision is doing on page C-308 of the policy. It is distributing the one value of a location to each of the buildings at that location, not to just the buildings that were damaged, but to each of the buildings at that location. If you go down to the second paragraph on page C-308 of this provision, if at the time of loss, the value shown on the latest statement of values on file with us, or the values of premises locations subsequently reported to us, are not individually stated for each building, each structure, and for your business personal property and personal property of others at each premises location, the value for each building and structure will be determined by multiplying and it carries on. Again, and that's the case here as counsel indicated, the parties agree that there was only one value for the Ottawa location. So because there's only one value for the Ottawa location, the policy requires in every case of loss, every occurrence, to distribute that one value to each of the buildings at the location, not just the two in this case that were damaged, but to all three in this case, all three at the property. That's what it says. There's no basis here to limit that multiplication to just the two that were damaged. We know that the value, we know that the limit is not the value for the location multiplied by 105%. So in other words, the value that was purported for Ottawa was 3 point something million and when you multiply it by 105%, you get to that $4 million figure. We know that's not what the value is for this loss and UAW concedes that, but we know it isn't that because that would be make paragraph one in this clause completely meaningless. You would never have to do that calculation. So we know that it's not $4 million. There's not a single limit for the location. We know contrary to what UAW contends that the limit is not the combined values after you do this distribution of only the damaged buildings because nothing on this page says that's what you do. It doesn't say after you do this distribution of the one limit at Ottawa to the three buildings, then take the ones that are damaged and add those together. It doesn't say that. It stops. It stops with the distribution to all three buildings because when you go back up to the very top of the page, the limit is set for each building. It is a per building limit. That's how this reads. So we know that the limit is per building because that's the only way to get through the roadmap of this provision and to give all of the words and phrases in that provision meaning is to apply a per building limit. There's no other way. There's no other answer. That's it. And that gives effect to the entire policy. And that's what the circuit court understood. And we ask that the appellate court affirm on that basis. And unless there are any other questions or any questions, I yield my time. Any questions? I have none. Mr. Vickers, any rebuttal? You're muted. As predicted by your clerk. I apologize for that. I didn't want my shuffling to interfere with Mr. Orlando. Mr. Orlando gave what he deemed to be an explanation of what blanket is that's alternative to the explanation of what blanket means that I gave you. He didn't cite any authority for his description or understanding of blanket. He didn't cite any testimony, expert or otherwise, for his understanding of what blanket is. And that's because there is none that could support that. The only testimony before the court of what blanket means is Traveler's Claims Adjuster. After he read this very policy, he wrote that it's a blanket policy. He was asked, what did you mean when you wrote that? And his answer was, it meant there was likely one limit for multiple locations or multiple buildings. And then he was asked, is that the understanding you got from reviewing the policy form? And he says that his response, that's generally what a blanket policy is. If I wrote blanket, it means I assume there was one coverage for multiple buildings and multiple locations that fell under one limit. I've cited authority. There is authority in the UAW's opening brief at page 11 that says exactly the same thing of what a blanket limit is. That's to be contradicted with a scheduled limit of liability. Under Traveler's interpretation of this policy presented to you today, in very stark and unequivocal terms, this is always, always going to be a scheduled policy, despite the fact that the first sentence in the provision says insurance applies on a blanket basis. And despite the fact that there is, in fact, an endorsement on the policy that contains a schedule that identifies the properties that are covered on a scheduled basis. And the Ottawa location for the UAW doesn't appear on that schedule. Now, Mr. Orlando is correct. We have to give meaning to all the words in the policy. But the interpretation he proffers to this court does not do that because it sets aside, to use Traveler's words, less obliquely, it reads out and gives no meaning to the express statement in the first sentence of this provision that the insurance applies on a blanket basis. Period. That means a single limit covering multiple properties. So when you start with that idea and the command in Traveler's agreement to apply this on a blanket basis, and then you go through the rest of the word salad that this provision is, that facially has conflicts and can be deemed ambiguous, but you can give meaning to all those provisions. The way that my client has in this case is saying, fine, it's blanket, it's per occurrence. It's argued there's no reference to the damage. The very sentence says the most we will pay for loss or damage in any one occurrence. So look at the buildings that were damaged. We're not caring about the buildings that weren't damaged. There's some math required if they're not individually stated, fine, we're going to give meaning to all that. And once you give meaning to everything, you have to come back to the top, and it says this insurance applies on a blanket basis. The only way you get to that single limit is add up those two values. The policy uses the plural values, and that gives you your single limit of liability that applies to multiple buildings. If there are no other questions for me, I see my time's about to expire. I will thank you for your time this afternoon. Justice Brennan, did you have a question? I do not. I thought I saw your hand up. I have a lot of questions, but not right now. Justice Albrecht? No, thank you. Okay, we thank both of you for your arguments this afternoon. We'll take the matter under advisement, and we'll issue a written decision as quickly as possible. The court now stands in recess, brief recess, for a panel change. Thank you for your time today. Thank you, counsel. Have a good day. Thank you.